UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANDREANO, STEPHEN CRAIG, and ANDREANO, CATHERINE ANN,<br><br>                                    Appellants,<br><br>        v.<br><br>J.P. MORGAN CHASE BANK, N.A.,<br><br>                                    Appellee. | Case No. 3:15-cv-00047-MMD<br>Bankr. Case No. BK-N-09-52781-GWZ<br>Appeal Ref. No. 15-00001<br><br>                    ORDER<br><br>(Appellee's Motion to Dismiss Appeal –<br>dkt. no. 4) |

I.    **SUMMARY**

This case involves a bankruptcy appeal. Appellee J.P. Morgan Chase Bank, N.A. ("Chase") moves to dismiss Appellants Stephen and Catherine Andreano's ("Debtors") appeal ("Motion") as untimely. (Dkt. no. 4.) For the reasons stated below, Chase's Motion is granted.

Chase also filed a supplement to its Motion to raise a new argument about the time period for Debtors to file their opening brief. (Dkt. no. 11 at 1-2.) Chase did not obtain leave of Court to supplement their Motion to assert a new argument. Chase's supplement (dkt. no. 11) and Debtors' response (dkt. no. 12) are procedurally improper and will be stricken from the record.

II.    **BACKGROUND**

Since the Motion is limited to the timeliness of Debtors' appeal, the Court will briefly summarize the relevant facts.

In 2003, Debtors obtained a loan ("Loan") from Washington Mutual Bank ("WaMu") secured by a deed of trust. (Dkt. no. 4 at 2.) In 2008, after the Office of Thrift Supervision closed WaMu, Chase acquired the Loan from the Federal Deposit Insurance Corporation ("FDIC"). (*Id.*, Exh. B at 3.)

In August 2009, Debtors filed for Chapter 11 bankruptcy protection. (*Id.*) In September 2009, Chase timely filed a proof of claim ("POC"), which Chase subsequently amended. (*Id.)* In January 2012, Debtors filed an objection to Chase's POC ("Objection"). (*Id.*) In July 2014, Debtors moved for summary judgment in support of their Objection ("Debtors' Motion"). (*Id.*) In September 2014, Chase filed a countermotion for summary judgment ("Chase's Countermotion"). (*Id.)* Debtors' Motion and Chase's Countermotion essentially raised the same issue of Chase's standing to maintain and pursue its POC.

On November 19, 2014, the bankruptcy court held a hearing on the competing dispositive motions ("November 19 Hearing"). (*Id.* at 5.) At the conclusion of the argument, the bankruptcy court instructed Chase's counsel to prepare two orders, one order granting Chase's Countermotion and one overruling Debtors' Objection.[1] (Dkt. no. 8 at 2, ¶¶ 18-22.) The bankruptcy court further instructed Debtors' counsel to prepare an order denying Debtors' Motion. (*Id.*) On December 23, 2014, the bankruptcy court entered the order granting Chase's Countermotion ("December 23 Order") and the Order overruling Debtors' Objection. (*See* dkt. no. 4, Exhs. A and B.) On January 29, 2015, the bankruptcy court entered the Order denying Debtors' Motion ("January 29 Order"). (Dkt. no. 8 at 3, ¶¶ 26-27.)

On January 22, 2014, thirty (30) days after entry of the December 23 Order and seven (7) days before entry of the January 29, 2014, Order, Debtors filed a notice of appeal. (Dkt. no. 4 at 3.) In that notice, Debtors identified the subject of the appeal as

---

[1]LR 9021(a)(1) requires attorney for the prevailing party to prepare all proposed findings of fact, conclusions of law, judgments, and orders, unless otherwise ordered by the bankruptcy judge; LR 9021(a)(2) requires all proposed orders to accurately reflect the court's ruling.

the bankruptcy court's orders entered on December 23, 2014, granting Chase's Countermotion, overruling Debtors' Objection, and denying Debtors' Motion. (Dkt. no. 2-1 at 3.) Chase now moves to dismiss the appeal, contending the notice of appeal was untimely filed. (Dkt. no. 4. at 3-4.)

**III.    DISCUSSION**

Chase reasons that because the two separate orders the bankruptcy court entered on December 23, 2014, contained the final, appealable decisions on all three motions, they triggered the 14-day appeal period under Federal Rule of Bankruptcy Procedure 8002(a)(1). (*Id.*) Debtors counter that the January 29, 2014, Order was the final, appealable order, and Debtors simply filed their notice of appeal prematurely, rather than late, under Rule 8002(a)(2). (Dkt. no. 8 at 3.)

Rule 8002(a)(1) provides that "a notice of appeal must be filed with the bankruptcy clerk within fourteen (14) days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). The Ninth Circuit has determined that the time provisions in Rule 8002 are to be strictly enforced, and untimely filling of the notice of appeal is jurisdictional. *In re Nucorp Energy, Inc.*, 812 F.2d 582, 584 (9th Cir. 1987) (citing to *In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986)).

At the outset, the Court notes Debtors' notice of appeal was untimely with respect to the bankruptcy court's decisions to grant Chase's Countermotion and to overrule Debtors' Objection. It is not disputed that the bankruptcy court entered separate final, appealable Orders on December 23, 2014, to dispose of both filings. These Orders started the 14-day appeal period, and Debtors failed to file the notice of appeal within the permitted period. Thus, the only remaining issue is whether the December 23, 2014, Order or the January 29, 2014, Order constituted the final, appealable order denying Debtors' Motion. If it is the former, then the notice of appeal as to Debtors' Motion was also untimely filed.

If a court files a more formal judgment after filing a final disposition, the latter judgment does not constitute a second final disposition or extend the appeal period. *In*

*re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990). Accordingly, the Court must decide if the December 23, 2014, Order is the final disposition of Debtors' Motion. The Ninth Circuit has identified two factors to determine the finality of a disposition: (1) if the disposition is a full adjudication of the issues at bar; and (2) if the disposition clearly evidences the judge's intention that it be the court's final act in the matter. *In re Slimick*, 928 F.2d at 307.

### 1.   The December 23, 2104, Order is a full adjudication of the issues at bar.

"A final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 448 (9th Cir. 2000) (internal quotation marks and citation omitted). The Ninth Circuit has recognized that "[while] no formal words of judgment are necessary to convey finality, there must be *some* dispositive language sufficient to put the losing party on notice that his *entire* action — and not just a particular motion or proceeding within the action — is over and that his next step is to appeal." *In re Brown*, 484 F.3d 1116, 1121 (9th Cir. 2007) (internal citation omitted).

The December 23, 2014, Order decided Debtors' Motion on its merits. The only disputed issue in the bankruptcy court was whether Chase had standing to enforce its POC. Debtors advanced five reasons in their Motion for why Chase did not. (Dkt. no. 4 Exh. B at 4, ¶ 17.) In granting Chase's Countermotion in its entirety, the bankruptcy court addressed, and rejected all five of Debtors' reasons. First, Debtors asserted that WaMu sold the Loan to a third party and therefore did not own the Loan when Chase acquired it from the FDIC. The bankruptcy court ruled that Debtors' assertion was unsupported by any competent evidences. (*Id.* at 7, ¶ 8.) Second, Debtors contended that Chase failed to prove that it acquired the Loan from the FDIC. The bankruptcy court held that Chase amply demonstrated, and Debtors failed to rebut, that Chase acquired the Loan from the FDIC. (*Id.* at ¶ 9.) Third, Debtors argued that Chase was only a receiver, not a holder, of the Loan. The bankruptcy court ruled that Chase had

4

persuasively demonstrated that it was also the holder of the Loan. (*Id.* at ¶ 11.) Fourth, Debtors argued that the Loan was not a negotiable instrument. The bankruptcy court decided that since Debtors failed to present case law to the contrary, the Loan was a negotiable instrument. (*Id.* at ¶ 12.) Fifth, Debtors claimed that Chase was in wrongful possession of the Loan, and was not entitled to enforce the Loan. The bankruptcy court ruled that even if Chase was in wrongful possession of the Loan, Chase would still be entitled to enforce the Loan. (*Id.* at ¶ 16.) The December 23, 2014, Order thus denied Debtors' Motion on the merits.

The December 23, 2014, Order also contains dispositive language sufficient to put Debtors on notice that their action was over and the next step would be appeal. In the Order, the bankruptcy court concluded that "Debtors have failed to demonstrate the existence of any genuine issues of material fact that is at dispute to preclude summary judgment in favor of Chase." (*Id.* at ¶ 18). The bankruptcy court also found that "Debtors have failed to present evidence to rebut the prima facie evidentiary presumption in favor of Chase's [POC], and even if they had, Chase has demonstrated its right to maintain and pursue its [POC] beyond a preponderance of evidence." (*Id.* at ¶ 19.) This language plainly indicates that Debtors' arguments for summary judgment fail. The bankruptcy court's granting of Chase's Countermotion *in its entirety* also clearly indicates that Debtors' action was over. The only thing left for the bankruptcy court to do was to enforce its judgment, i.e. to allow Chase to pursue its POC as if Debtors' Objection had not been filed. (*Id.* at 10.)

Additionally, Debtors were on actual notice since the November 19, 2014, hearing. The bankruptcy court instructed Debtors' counsel to submit a proposed order that would accurately reflect its ruling. (Dkt. no. 8 at 2.) In other words, the bankruptcy court asked Debtors' counsel to memorialize his reasoning in denying their motion as stated during the Hearing. The bankruptcy court provided no reason (such as asking for additional briefing) for Debtors to doubt the finality of its ruling. Indeed, the January 29, 2014, Order merely refers back to the November 19, 2014, hearing, and thus

provides no new reasoning for the appellate court to review the bankruptcy court's decision.

The December 23, 2014, Order, therefore, is the final disposition of Debtors' Motion. It resolved all the issues raised in Debtors' Motion. The lack of express language was irrelevant because, in granting Chase's Countermotion in its entirety, the bankruptcy court obviously and necessarily denied Debtors' Motion.[2]

### 2. The December 23,2014, Order clearly evidences the bankruptcy court's intent that it be the court's final act in the matter.

The Court next considers whether the bankruptcy court intended the December 23, 2014, Order to be final. "Evidence of intent consists of the Order's content and the judge's and parties['] conduct." *In re Slimick*, 928 F.2d at 308. (internal citation omitted).

The *Slimick* court held that fully adjudicating the issues at bar on its face evidenced the judge's intention that his order to be final. *Id.* Because the December 23, 2014, Order fully adjudicated the issues regarding Debtors' Motion, the Order on its face also evidences the bankruptcy judge's intention that it be final.

Further, the *Slimick* court found that the bankruptcy court intended its order to be final because it did not condition the order's finality on any contingency. *Id.* The *Slimick* court focused on the bankruptcy court's failure to set deadlines as to when it requested documents from both parties should be provided, and concluded that the bankruptcy court must have intended the order to be final. *Id.* The *Slimick* court reasoned that interpreting otherwise would reach the improbable conclusion that the bankruptcy court intended to render the order indefinitely interlocutory. *Id.* Similarly here, the bankruptcy court did not condition the finality of its ruling during the November 19, 2014, hearing or in the December 23, 2014, Order on any contingency.

---

[2]The *Slimick* court found an order constituted a final disposition, even though the order did not expressly deny the debtor's claim and a related judgment was filed months later. *In re Slimick*, 928 F.2d at 306.

1   Nor did the bankruptcy court set deadlines requiring the parties' counsel to submit the
2   proposed orders before a certain date. Therefore, the bankruptcy court must have
3   intended its ruling during the November 19, 2014, hearing and in the December 23,
4   2014, Order to be final.

5          Moreover, Debtors' actions also suggest that Debtors were aware of the
6   bankruptcy court's intention. In their initial notice of appeal, Debtors stated the date of
7   the order entered for denial of their Motion (as well as the other two motions) was
8   December 23, 2014, referring to the December 23, 2104, Order. (Dkt. no. 2-1 at 3.)
9   Only after Chase moved to dismiss the appeal on the ground of untimeliness, almost
10  one month after Debtors' initial filling, did Debtors seek to amend their notice of appeal
11  to add the January 29, 2015, Order. (Dkt. no. 7 at 2.)

12         In sum, the December 23, 2014, Order is the final and appealable order of the
13  bankruptcy court's decision to deny Debtors' Motion. Debtors failed to file a notice of
14  appeal within fourteen (14) days after entry of the December 23, 2014, Order. Debtors'
15  notice of appeal, filed on January 22, 2015, was untimely. This appeal is therefore
16  dismissed.

17  **IV.    CONCLUSION**

18         The Court notes that the parties made several arguments and cited to several
19  cases no discussed above. The Court has reviewed these arguments and cases, and
20  determined that they do not warrant discussions as they do not affect the outcome of
21  the Motion.

22         It is therefore ordered that Chase's motion to dismiss the appeal (dkt. no. 4) is
23  granted. It is further ordered that Chase's supplement (dkt. no. 11) and Debtors'
24  response (dkt. no. 12) are stricken from the record.

25         The Clerk is directed to enter judgment in favor of Chase and close this case.

26         DATED THIS 22nd day of July 2015.

27
                                                _____
28                                              MIRANDA M. DU
                                                UNITED STATES DISTRICT JUDGE